UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL WILLIAMS,
Petitioner,

v.

LISA CURTO,
Superintendent,
Massachusetts Treatment Center,
Respondent.

CIVIL ACTION NO. 26-12286-MPK

ORDER

KELLEY, U.S.M.J.

*Pro se* petitioner Michael Williams filed a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" on May 14, 2026, in the United States Court of Appeals for the First Circuit, which transferred the petition to this Court. No. 26-8027; *see also* #1-1 at 1. The petition appears to have been received by the United States Post Office around May 12, 2026. *See* #1-9.

From the court's search of online records, it appears that Williams is now in custody at the Souza Baranowski Correctional Center although he presumably was in custody at the Massachusetts Treatment Center when he filed the petition. In the petition, Williams seeks relief from the judgment of conviction in *Commonwealth v. Williams*, Suffolk Superior Court No. 0584-CV-10206. (#1 at 1.) In that case, Williams was convicted of aggravated rape, rape, and assault with intent to rape. He was sentenced to not less than 17 and not more than 20 years in prison. The superior court ordered that the sentence be served from and after another sentence. *See* Suffolk Superior Court No. 0584-CV-10206; *see also Commonwealth v. Johnson*, 41 N.E.3d 331, 2015 WL 8188461, at *1 (Mass. App. Ct. Dec. 4, 2015); *Commonwealth v. Williams*, 205 N.E.3d 349,

2023 WL 1424861 (Mass. App. Ct. Feb. 1, 2023); *Commonwealth v. Williams*, 270 N.E.3d 1039, 2025 WL 3240045 (Mass. App. Ct. Nov. 20, 2025).[1]

Williams has used Form AO 241 for this petition. However, as filed in the First Circuit and transferred to this Court, the petition includes just the second through seventh pages of the sixteen-page form, and Williams has not included any information regarding the grounds for relief, although he states that the unidentified first ground for relief was raised in a motion for new trial and on appeal from the judgment of conviction. *Id.* at 5-6.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." § 2254 Rule 4. Federal courts "are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face…." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Federal courts are also "permitted, but not obliged, to consider, *sua sponte*, the timeliness of" a habeas petition, although "before acting on its own initiative, a court must accord

[1] Williams is also known as "Michael Johnson" in state court records. The court presumes that the sentence in the rape case underlying this petition must be served from and after the 28- to 33-year sentence imposed in *Commonwealth v. Johnson*, Suffolk Superior Court No. 9984-CR-10973, for burglary and assault and battery on an elderly person. *See Williams v. Kelly*, #21-cv-11583-FDS, #17 (D. Mass. July 8, 2022) (discussing procedural history of the burglary case). The court notes that William's conviction in the burglary case was affirmed by the Massachusetts Appeals Court ("MAC") in June 2020 and the Massachusetts Supreme Judicial Court ("SJC") denied further appellate review in October 2020. Williams filed the petition that was drawn to Judge Saylor in September 2021. Judge Saylor ordered that that petition be dismissed without prejudice to the filing an amended petition by August 22, 2022, given Williams' assertion of claims as to which he had not exhausted state-court remedies. #21-cv-11583-FDS, #17. Williams did not timely file an amended petition, and Judge Saylor dismissed the case. #21-cv-11583-FDS, #18. The state court docket in the burglary case reflects no action between October 2020, when the superior court received the rescript from the MAC, and October 2024, when Williams filed a new trial motion. *See* Suffolk Superior Court No. 9984-CR-10973, Paper Nos. 184, 185. In the burglary case, the superior court ultimately denied two new trial motions, most recently in August 2025. *Id.*, Paper Nos. 194, 198.

the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 209-210 (2006).

This case is subject to dismissal as the petition fails to identify any grounds for relief. By **December 21, 2026**, Williams must file an amended petition that identifies the grounds for relief. If Williams fails to file an amended petition identifying the grounds for relief by that date, this court will order the reassignment of this case to a United States District Judge and will recommend to the District Judge that the case be dismissed because the petition is legally insufficient on its face. If Williams timely files an amended petition, the identified grounds for relief will be subject to preliminary review under § 2254 Rule 4.

In addition to an amended petition, by **December 21, 2026**, Williams must file a statement showing cause why this case is not barred by the Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitations. If Williams fails to file a statement by that date or if the timely-filed statement does not show cause, the court will order reassignment and recommend that the case be dismissed as time-barred. As grounds for this order to show cause, the court states:

A one-year statute of limitations applies to a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody that runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). For purposes of § 2244(d)(1)(A), if the judgment is appealed, then it becomes final when the United States Supreme Court denies a petition for writ of certiorari or when the time to petition the Supreme Court for writ of certiorari expires. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). For equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing. *Id*. at 649.

Actual innocence can excuse an untimely filing. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[T]enable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (cleaned up) (citations omitted).

Williams does not present any evidence or argument regarding equitable tolling or a gateway actual-innocence claim, and the court is not able to determine whether a statutory exception to the start of the limitations period applies. *See* 28 U.S.C. §§ 2244(d)(1)(B)-(D).

If 28 U.S.C. § 2244(d)(1)(A) applies, from the court's review of the publicly available state court records, this case appears to be time-barred. According to the superior court docket, the jury returned the verdict on August 5, 2010, and Williams was sentenced the next day. He appealed. While his direct appeal was pending, Williams filed, among other things, a motion for new trial,

which the superior court denied on August 6, 2014. He appealed. *See* Suffolk Superior Court No. 0584-CR-10206, Paper Nos. 84, 104, 105.

The MAC consolidated the direct appeal with the appeal from the denial of the first new trial motion. *See* No. 12-P-41, August 29, 2014 Entry. By unpublished decision on December 4, 2015, the MAC affirmed the conviction and the denial of the new trial motion but vacated the denial of a motion for post-conviction discovery. 41 N.E.3d 331. The SJC denied further appellate review on January 27, 2016. 44 N.E.3d 861; *see* No. FAR-23994. It does not appear that Williams petitioned the Supreme Court for writ of certiorari, and the time to do so expired on April 26, 2016. *See* Sup. Ct. R. 13.

According to the superior court docket, on January 29, 2016, the Commonwealth filed a notice of production of discovery and on March 29, 2016, Williams moved for funds for an expert. *See* Suffolk Superior Court No. 0584-CR-10206, Paper Nos. 107, 108. On May 18, 2016, the Commonwealth filed an opposition to the motion for post-conviction discovery. *Id.*, Paper No. 109. On May 20, 2016, the superior court ordered Williams to respond to the Commonwealth's representation that the motion for post-conviction discovery was moot, by June 13, 2016. *Id.*, May 20, 2016 Docket Entry. The docket does not reflect any action until February 13, 2017, when Williams moved for appointment of counsel and DNA testing. *Id.*, Paper Nos. 111-113. The superior court sent the case to the Committee for Public Counsel Services ("CPCS") for screening; CPCS eventually informed the superior court that it would not assign new counsel. *Id.*, February 16, 2017 Entry; September 2, 2020 Entry.

While the motion for DNA testing was pending, on November 20, 2020, the Plaintiff filed a second new trial motion. *Id.*, Paper No. 119. The superior court denied that motion, as well as the motion for DNA testing, on June 28, 2021, and Williams appealed. *Id.*, Paper Nos. 130, 132.

By unpublished decision on February 1, 2023, the MAC affirmed. 205 N.E.3d 349. The SJC denied further appellate review on May 12, 2023. 210 N.E.3d 352; *see* No. FAR-29238.

The superior court docket reflects that Williams filed "Motion[s] to Renew" on March 6, 2023, February 12, 2024, and February 22, 2024, and a third new trial motion on April 17, 2024. *See* Suffolk Superior Court No. 0584-CR-10206, Paper Nos. 136, 139, 140, 141. The superior court denied these motions on January 28, 2025, and Williams appealed. *Id.*, January 28, 2025 Entry; Paper No. 145; *see also* Nos. 25-P-172, 25-P-173. By unpublished decision on November 20, 2025, the MAC affirmed, noting that the third new trial motion (but not the appeal, which raised new arguments not raised in the motion) was premised on an argument that Williams was indicted outside the relevant statutes of limitations, and that argument was meritless. 270 N.E.3d 1039. The MAC docket does not reflect the filing of an application for further appellate review. *See* No. 25-P-173. The superior court docket does not reflect any action since March 28, 2025. *See* Suffolk Superior Court No. 0584-CR-10206, Paper No. 148.

Thus the relevant judgment apparently became final on April 26, 2016, at the expiration of the time to petition the Supreme Court for writ of certiorari. Absent a statutory exception to the start of the limitation period, tolling, or a gateway actual-innocence claim, Williams had to file a habeas petition by April 26, 2017, meaning that this petition is about nine years late.

Regarding tolling under 28 U.S.C. § 2244(d)(2), although the superior court motions and orders themselves are not presently before this court, the court notes that the only motions apparently pending before the superior court between April 26, 2016, and April 26, 2017, were: a motion for post-conviction discovery, a motion for expert funds, a motion to appoint counsel, and a motion for DNA testing. For tolling under § 2244(d)(2), however, a motion "must entail 'a judicial reexamination of a judgment or claim in a proceeding outside of the direct review

process,'" and a motion for post-conviction discovery generally does not entail such a judicial reexamination. *See Hunt v. Divris*, #26-cv-11792-LTS, 2026 WL 2660067, at *3-4 (D. Mass. Sept. 10, 2026) (quoting *Wall v. Kholi*, 562 U.S. 545, 553 (2011)); *see also Kholi*, 562 U.S. at 556, n.4. The same is true of motions for appointment of counsel and funds. *See Voravongsa v. Wall*, 349 F.3d 1, 4-7 (1st Cir. 2003) (under Rhode Island law, a motion for appointment of counsel was not a "properly filed application for state post-conviction or other collateral review"); *see also Eason v. MacEachern*, #10-cv-11365-RWZ, 2010 WL 5187728, at *1 (D. Mass. Dec. 15, 2010) (motions for appointment of counsel and investigative funds).

IT IS ORDERED that Williams shall, by **December 21, 2026**, file an amended petition that identifies the grounds for relief. The failure to comply with this order may result in the dismissal of this case.

IT IS FURTHER ORDERED that Williams shall, by **December 21, 2026**, file a separate statement showing cause why this case is not time-barred. The failure to comply with this order may result in the dismissal of this case.

IT IS FURTHER ORDERED that the Clerk shall serve upon the Attorney General of the Commonwealth of Massachusetts, One Ashburton Place, Boston, MA 02108, a copy of the petition (#1) and this order (#8). Respondent's counsel must enter a notice of appearance by **November 20, 2026**, although no further response need be filed by the Respondent, until further order of the court.

IT IS FURTHER ORDERED that the Clerk shall serve upon Williams, W82004, a copy of this order (#8), at both the Massachusetts Treatment Center, 30 Administration Road, Bridgewater, MA 02324, and the Souza Baranowski Correctional Center, P.O. Box 8000, Shirley,

MA 01464. Williams must file a notice of change of address by **November 20, 2026**, if in fact he is no longer in custody at the Massachusetts Treatment Center.

November 5, 2026

/s/M. Page Kelley
M. Page Kelley
United States Magistrate Judge